## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ELGIN JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BOARD OF THE CURATORS | ) |
| OF THE UNIVERSITY OF MISSOURI | ) |
| d/b/a UNIVERSITY OF MISSOURI | ) |
| HEALTH CARE, | ) |
| | ) Cause No.: |
| Serve: The Board of Curators | ) |
| 316 University Hall | ) |
| Columbia, MO 65211 | ) |
| | ) |
| JOHN DOE 1 and 2, co-directors of | ) |
| the Missouri Rehabilitation Center, | ) JURY TRIAL REQUESTED |
| | ) |
| MOSBAH KREIMID, M.D., | ) |
| Serve at: Missouri Rehab. Cent. | ) |
| 615 Main Street | ) |
| Mt. Vernon, MO 65712 | ) |
| | ) |
| JOHN DOE 3 through 8, attending | ) |
| physicians, and | ) |
| | ) |
| JANE DOES 1 THROUGH 25 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

For his cause of action against Defendants, Plaintiff Elgin James states as follows:

## INTRODUCTORY STATEMENT

1.     This is a civil action seeking money damages against Defendants for violation of Plaintiff's rights under 42 U.S.C. §483.25, 42 U.S.C. §2000d, Missouri Revised Statute §198.003, Medical Malpractice and Negligence.

## JURISDICTION AND VENUE

2.     This action is brought against Defendants pursuant to 42 U.S.C. §483.25 and 42 U.S.C. 2000d.

3.     The jurisdiction of this Court over the subject matter of this action is predicated on 42 U.S.C. §483.25, 42 U.S.C. §2000d-2, 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C.§1391, and principles of pendent jurisdiction.

4.     Venue is proper in the Eastern District of Missouri pursuant to 42 U.S.C. §1391(c) because Defendant Board of Curators of the University of Missouri resides within the judicial district.

## PARTIES

5.     Plaintiff is and, at all times relevant herein, was a resident of the City of St. Louis, State of Missouri.

6.     Defendant Board of Curators of the University of Missouri (hereafter "Board of Curators") is and, at all times relevant herein, was the governing body of the University of Missouri and is responsible for the supervision and/or direction of the University in all of its parts, persons, property and relationships wherever situated.

7.     The Board is and, at all times relevant herein, was doing business as the University of Missouri Health Care.

2

8.     Through University of Missouri Health Care, Defendant Board of Curators does and, at all times relevant herein, did operate the Missouri Rehabilitation Center, a long-term acute care hospital in the City of Mount Vernon, State of Missouri.

9.     John Doe 1 and John Doe 2 are medical doctors, licensed to practice medicine within the State of Missouri and, at all times relevant herein, were the co-directors of the Missouri Rehabilitation Center.

10.    Mosbah Kreimid, M.D. and John Doe 3 through 8 are medical doctor, licensed to practice medicine within the State of Missouri and, at all times relevant herein, were the attending physicians with primary responsibility for the care and treatment of Plaintiff while he was a patient at the Missouri Rehabilitation Center.

11.    Jane Does 1 through 25 are registered nurses, licensed to and practicing their trade within the State of Missouri, who participated in the care and treatment of Plaintiff while he was a patient at the Missouri Rehabilitation Center.

## FACTS

12.    At all times relevant herein, Defendant Board of Curators, through the Missouri Rehabilitation Center, held itself out to the public in general, and Plaintiff in particular, as being an able and skilled long-term acute care hospital possessing nurses, physicians, technicians and staff members well able to render proper and adequate post-surgical and nursing care for the conditions from which Plaintiff suffered.

13.    Defendant Board of Curators has waived the defense of sovereign immunity due to the procurement of medical malpractice liability insurance.

14.    At all time relevant herein, Defendant Board of Curators was duly responsible for any and all acts of negligence of the Defendants Mosbah Kreimid, M.D., John Doe 1 and 2, John

3

Doe 3 through 8, and Jane Does 1 through 25, who at the time of the acts complained of, were operating under the control of and by employment with the Missouri Rehabilitation Center.

15. From November 1, 2007 through December 18, 2007, Plaintiff was admitted to the Missouri Rehabilitation Center for extended nursing and rehabilitative care after having been paralyzed from the neck down in an incident unrelated to the underlying factual situation giving rise to the present cause of action.

## COUNT I – 42 U.S.C. §483.25

Comes now Plaintiff Elgin James, and for Count I of this cause of action against Defendants, states:

16. Pursuant to 42 U.S.C. §483.25, long term care facilities must ensure that "a resident who enters the facility without pressure sores does not develop pressure sores."

17. Because of Plaintiff's decreased physical state, his inability to care for himself, his total dependence on others for his physical needs, Plaintiff had an increased susceptibility to developing necrotic bedsores.

18. While a resident of the Missouri Rehabilitation Center, through abuse, neglect and negligence on the part of Defendants and their agents, employees and servants who failed to exercise that degree of skill and learning ordinarily exercised under the same or similar circumstances, Plaintiff developed multiple pressure ulcers.

19. That Defendants violated 42 U.S.C. §483.25 by failing to exercise that degree of skill and learning ordinarily exercised under the same or similar circumstances in the following particulars, to-wit:

    a.  failing to consistently monitor and assess Plaintiff' condition;

b. failing to timely and consistently control the amount of time that Plaintiff was allowed to remain in one position;

c. failing to issue directives and orders as to the amount of time Plaintiff was allowed to remain in one position;

d. failing to regularly, consistently and timely check Plaintiff for signs of skin breakdown, pressure sores, bed sores and decubitus ulcers;

e. failing to prevent the development of pressure sores, bed sores and decubitus ulcers while caring for Plaintiff;

f. failing to timely respond to reported changes in Plaintiff' condition;

g. failing to treat Plaintiff' pressure sores, bed sores and decubitus ulcers;

h. failing to timely order appropriate medications and antibiotics;

i. failing to report adequate wound care for Plaintiff's pressure sores, bed sores and decubitus ulcers;

j. failing to take measures to prevent pressure sores and to keep Plaintiff free from pressure sores;

k. failing to change Plaintiff' position at least every two hours when Plaintiff was physically incapable of doing so;

l. failing to regularly reposition Plaintiff;

m. failing to file incident reports with the Administrator for his or her review and signature for all medication errors involving the resident;

n. failing to comply with 13 C.S.R. §15-14.042(85) which requires that a significant change in a resident's condition be reported to the resident's

5

Physician and by failing to notify the resident's Physician of significant changes in Plaintiff' condition;

o. failing to comply with 42 C.F.R §405.1121 and §405.1124 which require that a skilled nursing facility provide 24-hour service by licensed Nurses, by failing to provide an organized nursing service with a sufficient number of qualified nursing personnel to meet the total nursing needs of all patients in the facility, by failing to ensure that Plaintiff received proper treatment, medications, and diet as prescribed and by failing to see that he received proper care to prevent decubitus ulcers; and

p. failing to provide true reports of Plaintiff' condition to State Agencies; and

q. failing to have in place proper policies for transfer and discharge of residents when changes occur in their physical condition necessitating service or care which could not be adequately provided by the facility;

r. failing to promptly transfer Plaintiff to a hospital or other appropriate facility as changes occurred in the physical condition of Plaintiff; and

s. failing to see that Plaintiff was free from physical abuse.

20.   As a direct and proximate result of the negligence, carelessness, neglect, faults and omissions of each and/or every Defendant as aforesaid, Plaintiff has incurred large and substantial sums for medical bills and treatment and will continue to do so in the future.

21.   As a direct and proximate result of Defendants' negligence as stated above, Plaintiff suffered severe pain, anxiety, mental distress, and multiple pressure sores. Additionally, Plaintiff was required to undergo treatment for his condition and incurred expenses for his medical care.

6

22.     The negligence of the Defendants was willful, wanton and outrageous and

constituted gross negligence and demonstrated a conscious and reckless disregard for the rights of

Plaintiff thereby permitting the recovery of damages for aggravating circumstances.

WHEREFORE, Plaintiff prays for a judgment against the Defendants pursuant to Count I

for actual damages in the amount in excess of $75,000.00, for punitive damages, for reasonable

attorneys' fees, for the cost of this action, and for such other and further equitable relief as the Court

deems just and reasonable.

## COUNT II – MISSOURI REVISED STATUTE §198.003

Comes now Plaintiff, and for Count II of this cause of action against the Defendants, states:

23.     That this Plaintiff incorporates by reference each and every fact and allegation

contained and set forth in Paragraphs 1 through 22 of this Petition as if fully, accurately and

completely set forth herein.

24.     That the cause of action set forth in this Count II is brought under the Omnibus

Nursing Home Act, Missouri Revised Statute §198.003, et seq., and more specifically by reason of

statutorily created private cause of action created by §198.093 R.S.Mo.

25.     That as the owners and operators of a skilled nursing facility licensed by the State of

Missouri, the Defendants were at all times material hereto subject to the provisions of the Omnibus

Nursing Home Act, Section 198.003, et seq.

26.     That, during his residency at Defendants' skilled nursing facility, Plaintiff was

subject to abuse and neglect at the hands of the Defendants' employees and was deprived of rights,

created by §198.088 and 198.090 R.S.Mo. as stated in Count I.

27.     That the aforementioned abuse and neglect by the Defendants was physically and mentally torturous causing great physical pain and suffering and emotional distress and requiring Plaintiff to seek medical treatment and incur medical expenses.

28.     The aforementioned abuse occurred in violation of the Omnibus Nursing Home Act, §198.088, which declares that "1. Every facility, in accordance with the rules applying to each particular type of facility, shall ensure that: (1) There are written policies and procedures available to staff, residents, their families or legal representative and the public which govern all areas of service provided by the facility ... (2) Policies relating to admission, transfer, and discharge of residents shall assure that: ... (b) As changes in their physical and mental condition necessitating service or care which cannot be adequately provided by the facility, residents are transferred promptly to hospitals, skilled nursing facility, or other appropriate facilities; ... (6) Each resident admitted to the facility: ... (g) Is free from mental and physical abuse ... (i) Is treated with consideration and respect, and full recognition of his dignity and individuality, including privacy and treatment in caring for his personal needs..."

29.     Plaintiff was a member of the class of persons intended to be protected by the enactment of the aforementioned statutes.

30.     The injuries sustained by Plaintiff were the type of injuries that the regulations were enacted to prevent.

31.     As a direct and proximate result of the Defendants' failure to fulfill their responsibility of care and protection to Plaintiff as imposed by the aforementioned statutes, Plaintiff suffered severe pain, anxiety, mental distress, and multiple pressure sores. Additionally, Plaintiff was required to undergo treatment for his condition and incurred expenses for his medical care.

32.     The aforementioned actions and omissions were intentional, willful, malicious, and outrageous, entitling Plaintiff to an award of punitive damages pursuant to §198.093(3).

33.     Plaintiff is entitled to an award of reasonable attorneys' fees pursuant to §198.093(3).

WHEREFORE, Plaintiff prays for a judgment against the Defendants pursuant to Count II for actual damages in the amount in excess of $75,000.00, for punitive damages, for reasonable attorneys' fees, for the cost of this action, and for such other and further equitable relief as the Court deems just and reasonable.

## COUNT III – MEDICAL MALPRACTICE (JOHN DOE 1 and 2)

Comes now Plaintiff, and for Count III of this cause of action against the Defendants John Doe 1 and 2, states:

34.     That this Plaintiff incorporates by reference each and every fact and allegation contained and set forth in Paragraphs 1 through 33 of this Petition as if fully, accurately and completely set forth herein.

35.     John Doe 1 and 2 are medical doctors, licensed to practice medicine within the State of Missouri and, at all times relevant herein, were the co-directors of the Missouri Rehabilitation Center.

36.     In their capacity as co-directors of the Missouri Rehabilitation Center, John Doe 1 and 2 were responsible for the care and treatment of Plaintiff.

37.     At all times, John Doe 1 and 2 had the duty and responsibility to Plaintiff to adhere to the proper and appropriate standard of professional practice and recognized acceptable standards of care required of similarly situated health care providers.

38.     John Doe 1 and 2 negligently failed to properly observe, treat, administer,

monitor, examine, diagnosis, and care for Plaintiff, said negligence including, but not limited to:

a.   failing to consistently monitor and assess Plaintiff' condition;

b.   failing to timely and consistently control the amount of time that Plaintiff was allowed to remain in one position;

c.   failing to issue directives and orders as to the amount of time Plaintiff was allowed to remain in one position;

d.   failing to regularly, consistently and timely check Plaintiff for signs of skin breakdown, pressure sores, bed sores and decubitus ulcers;

e.   failing to prevent the development of pressure sores, bed sores and decubitus ulcers while caring for Plaintiff;

f.   failing to timely respond to reported changes in Plaintiff' condition;

g.   failing to treat Plaintiff' pressure sores, bed sores and decubitus ulcers;

h.   failing to timely order appropriate medications and antibiotics;

i.   failing to report adequate wound care for Plaintiff's pressure sores, bed sores and decubitus ulcers;

j.   failing to take measures to prevent pressure sores and to keep Plaintiff free from pressure sores in violation of 13 C.S.R. §15-14.042(81);

k.   failing to comply with 13 C.S.R. §15-14.042(16) which requires that any person who has any contact with a resident of a skilled nursing facility shall not knowingly act or omit any duty in a manner which materially and adversely affects the health, safety or welfare of a resident;

l.   failing to comply with 13 C.S.R. §15-14.042(71) which requires that each resident shall receive 24-hour protective oversight and supervision;

10

m. failing to comply with 13 C.S.R. §15-14.042(6) which requires that the facility shall not knowingly admit or continue to care for residents whose needs cannot be met by the facility directly or in cooperation with outside resources;

n. failing to timely transfer and delaying transfer of Plaintiff to a hospital;

o. failing to comply with C.S.R. §15-14.042(75) which requires that residents who are physically or mentally incapable, or both, of changing their own positions, shall have their positions changed at least every two hours and shall be provided supportive devices to maintain good body alignment;

p. failing to change Plaintiff' position at least every two hours when Plaintiff was physically incapable of doing so;

q. failing to regularly reposition Plaintiff;

r. failing to comply with 13 C.S.R. §15-14.042 which requires that incident reports be completed and filed with the Administrator for his or her review and signature for all medication errors involving the resident;

s. failing to comply with 13 C.S.R. §15-14.042(85) which requires that a significant change in a resident's condition be reported to the resident's Physician and by failing to notify the resident's Physician of significant changes in Plaintiff' condition;

t. failing to comply with 42 C.F.R §405.1121 and §405.1124 which require that a skilled nursing facility provide 24-hour service by licensed Nurses, by failing to provide an organized nursing service with a sufficient number of qualified nursing personnel to meet the total nursing needs of all patients in

11

the facility, by failing to ensure that Plaintiff received proper treatment, medications, and diet as prescribed and by failing to see that he received proper care to prevent decubitus ulcers; and

u. failing to provide true reports of Plaintiff condition to State Agencies; and

v. failing to have in place proper policies for transfer and discharge of residents when changes occur in their physical condition necessitating service or care which could not be adequately provided by the facility in violation of §198.1(2)b R.S.MO.;

w. failing to promptly transfer Plaintiff to a hospital or other appropriate facility as changes occurred in the physical condition of Plaintiff in violation of §198.088.1(2)b R.S.Mo.;

x. failing to see that Plaintiff was free from physical abuse in violation of §198.088.1(6)g R.S.Mo.

39. As a direct and proximate result of the negligence, carelessness, neglect, faults and omissions of Defendants John Doe 1 and 2 as aforesaid, Plaintiff has incurred large and substantial sums for medical bills and treatment and will continue to do so in the future.

40. As a direct and proximate result of the negligence of John Doe 1 and 2 as stated above, Plaintiff suffered severe pain, anxiety, mental distress, and multiple pressure sores. Additionally, Plaintiff was required to undergo treatment for his condition and incurred expenses for his medical care.

41 The negligence of the Defendants John Doe 1 and 2 was willful, wanton and outrageous and constituted gross negligence and demonstrated a conscious and reckless disregard for the rights of Plaintiff thereby permitting the recovery of damages for aggravating circumstances.

12

42.     Defendant Board of Curators is liable for the negligence, carelessness, neglect, faults and omissions of Defendants John Doe 1and 2 under the concept of Respondeat Superior.

WHEREFORE, Plaintiff prays for a judgment against the Defendant Board of Curators and Defendants John Doe 1 and 2 pursuant to Count III for actual damages in the amount in excess of $75,000.00, for punitive damages, for reasonable attorneys' fees, for the cost of this action, and for such other and further equitable relief as the Court deems just and reasonable.

## COUNT IV – MEDICAL MALPRACTICE (MOSBAH KREIMID, M.D.

## AND JOHN DOE 3 through 8)

Comes now Plaintiff, and for Count IV of this cause of action against the Defendants Mosbah Kreimid, M.D., and John Doe 3 through 8, states:

43.     That this Plaintiff incorporates by reference each and every fact and allegation contained and set forth in Paragraphs 1 through 42 of this Petition as if fully, accurately and completely set forth herein.

44.     In their capacity as attending physicians for Plaintiff, Mosbah Kreimid, M.D., and John Doe 3 through 8 were responsible for the care and treatment of Plaintiff.

45.     At all times, Mosbah Kreimid, M.D., and John Doe 3 through 8 had the duty and responsibility to Plaintiff to adhere to the proper and appropriate standard of professional practice and recognized acceptable standards of care required of similarly situated health care providers.

46.     Mosbah Kreimid, M.D., and John Doe 3 through 8 negligently failed to properly observe, treat, administer, monitor, examine, diagnosis, and care for Plaintiff, said negligence including, but not limited to:

        a.  failing to consistently monitor and assess Plaintiff condition;

13

b. failing to timely and consistently control the amount of time that Plaintiff was allowed to remain in one position;

c. failing to issue directives and orders as to the amount of time Plaintiff was allowed to remain in one position;

d. failing to regularly, consistently and timely check Plaintiff for signs of skin breakdown, pressure sores, bed sores and decubitus ulcers;

e. failing to prevent the development of pressure sores, bed sores and decubitus ulcers while caring for Plaintiff;

f. failing to timely respond to reported changes in Plaintiff' condition;

g. failing to treat Plaintiff' pressure sores, bed sores and decubitus ulcers;

h. failing to timely order appropriate medications and antibiotics;

i. failing to report adequate wound care for Plaintiff's pressure sores, bed sores and decubitus ulcers;

j. failing to take measures to prevent pressure sores and to keep Plaintiff free from pressure sores in violation of 13 C.S.R. §15-14.042(81);

k. failing to comply with 13 C.S.R. §15-14.042(16) which requires that any person who has any contact with a resident of a skilled nursing facility shall not knowingly act or omit any duty in a manner which materially and adversely affects the health, safety or welfare of a resident;

l. failing to comply with 13 C.S.R. §15-14.042(71) which requires that each resident shall receive 24-hour protective oversight and supervision;

m. failing to comply with 13 C.S.R. §15-14.042(6) which requires that the facility shall not knowingly admit or continue to care for residents whose

14

needs cannot be met by the facility directly or in cooperation with outside resources;

n. failing to timely transfer and delaying transfer of Plaintiff to a hospital;

o. failing to comply with C.S.R. §15-14.042(75) which requires that residents who are physically or mentally incapable, or both, of changing their own positions, shall have their positions changed at least every two hours and shall be provided supportive devices to maintain good body alignment;

p. failing to change Plaintiff' position at least every two hours when Plaintiff was physically incapable of doing so;

q. failing to regularly reposition Plaintiff;

r. failing to comply with 13 C.S.R. §15-14.042 which requires that incident reports be completed and filed with the Administrator for his or her review and signature for all medication errors involving the resident;

s. failing to comply with 13 C.S.R. §15-14.042(85) which requires that a significant change in a resident's condition be reported to the resident's Physician and by failing to notify the resident's Physician of significant changes in Plaintiff' condition;

t. failing to comply with 42 C.F.R §405.1121 and §405.1124 which require that a skilled nursing facility provide 24-hour service by licensed Nurses, by failing to provide an organized nursing service with a sufficient number of qualified nursing personnel to meet the total nursing needs of all patients in the facility, by failing to ensure that Plaintiff received proper treatment,

15

medications, and diet as prescribed and by failing to see that he received
proper care to prevent decubitus ulcers; and

u. failing to provide true reports of Plaintiff' condition to State Agencies; and

v. failing to have in place proper policies for transfer and discharge of residents
when changes occur in their physical condition necessitating service or care
which could not be adequately provided by the facility in violation of
§198.1(2)b R.S.MO.;

w. failing to promptly transfer Plaintiff to a hospital or other appropriate facility
as changes occurred in the physical condition of Plaintiff in violation of
§198.088.1(2)b R.S.Mo.;

x. failing to see that Plaintiff was free from physical abuse in violation of
§198.088.1(6)g R.S.Mo.

47      As a direct and proximate result of the negligence, carelessness, neglect, faults
and omissions of Defendants Mosbah Kreimid, M.D., and John Doe 3 through 8 as aforesaid,
Plaintiff has incurred large and substantial sums for medical bills and treatment and will continue
to do so in the future.

48.     As a direct and proximate result of the negligence of Defendants Mosbah Kreimid,
M.D., and John Doe 3 through 8 as stated above, Plaintiff suffered severe pain, anxiety, mental
distress, and multiple pressure sores. Additionally, Plaintiff was required to undergo treatment for
his condition and incurred expenses for his medical care.

49.     The negligence of the Defendants Mosbah Kreimid, M.D., and John Doe 3 through
8 was willful, wanton and outrageous and constituted gross negligence and demonstrated a
conscious and reckless disregard for the rights of Plaintiff thereby permitting the recovery of

16

damages for aggravating circumstances.

50.     Defendant Board of Curators is liable for the negligence, carelessness, neglect,
faults and omissions of Defendants Mosbah Kreimid, M.D., and John Doe 3 through 8 under the
concept of Respondeat Superior.

WHEREFORE, Plaintiff prays for a judgment against the Defendant Board of Curators and
Defendants Mosbah Kreimid, M.D., and John Doe 3 through 8 pursuant to Count IV for actual
damages in the amount in excess of $75,000.00, for punitive damages, for reasonable attorneys'
fees, for the cost of this action, and for such other and further equitable relief as the Court deems
just and reasonable.

## COUNT V – MEDICAL MALPRACTICE (JANE DOES 1 – 25)

Comes now Plaintiff, and for Count V of this cause of action against the Defendants Jane
Does 1 through 25, states:

51.     That this Plaintiff incorporates by reference each and every fact and allegation
contained and set forth in Paragraphs 1 through 50 of this Petition as if fully, accurately and
completely set forth herein.

52.     Jane Does 1 through 25 are registered nurses licensed to and practicing their trade
within the State of Missouri.

53.     In their capacity as nurses employed by the Missouri Rehabilitation Center, Jane
Does 1 through 25 were responsible for the care and treatment of Plaintiff.

54.     At all times, Jane Does 1 through 25 had the duty and responsibility to Plaintiff to
adhere to the proper and appropriate standard of professional practice and recognized acceptable
standards of care required of similarly situated health care providers.

55.    Jane Does 1 through 25 negligently failed to properly observe, treat, administer, monitor, examine, diagnosis, and care for Plaintiff, said negligence including, but not limited to:

      a.  failing to consistently monitor and assess Plaintiff' condition;

      b.  failing to timely and consistently control the amount of time that Plaintiff was allowed to remain in one position;

      c.  failing to issue directives and orders as to the amount of time Plaintiff was allowed to remain in one position;

      d.  failing to regularly, consistently and timely check Plaintiff for signs of skin breakdown, pressure sores, bed sores and decubitus ulcers;

      e.  failing to prevent the development of pressure sores, bed sores and decubitus ulcers while caring for Plaintiff;

      f.  failing to timely respond to reported changes in Plaintiff' condition;

      g.  failing to treat Plaintiff' pressure sores, bed sores and decubitus ulcers;

      h.  failing to timely order appropriate medications and antibiotics;

      i.  failing to report adequate wound care for Plaintiff's pressure sores, bed sores and decubitus ulcers;

      j.  failing to take measures to prevent pressure sores and to keep Plaintiff free from pressure sores in violation of 13 C.S.R. §15-14.042(81);

      k.  failing to comply with 13 C.S.R. §15-14.042(16) which requires that any person who has any contact with a resident of a skilled nursing facility shall not knowingly act or omit any duty in a manner which materially and adversely affects the health, safety or welfare of a resident;

18

l.  failing to comply with 13 C.S.R. §15-14.042(71) which requires that each resident shall receive 24-hour protective oversight and supervision;

m. failing to comply with 13 C.S.R. §15-14.042(6) which requires that the facility shall not knowingly admit or continue to care for residents whose needs cannot be met by the facility directly or in cooperation with outside resources;

n.  failing to timely transfer and delaying transfer of Plaintiff to a hospital;

o.  failing to comply with C.S.R. §15-14.042(75) which requires that residents who are physically or mentally incapable, or both, of changing their own positions, shall have their positions changed at least every two hours and shall be provided supportive devices to maintain good body alignment;

p.  failing to change Plaintiff' position at least every two hours when Plaintiff was physically incapable of doing so;

q.  failing to regularly reposition Plaintiff;

r.  failing to comply with 13 C.S.R. §15-14.042 which requires that incident reports be completed and filed with the Administrator for his or her review and signature for all medication errors involving the resident;

s.  failing to comply with 13 C.S.R. §15-14.042(85) which requires that a significant change in a resident's condition be reported to the resident's Physician and by failing to notify the resident's Physician of significant changes in Plaintiff' condition;

t.  failing to comply with 42 C.F.R §405.1121 and §405.1124 which require that a skilled nursing facility provide 24-hour service by licensed Nurses, by

19

failing to provide an organized nursing service with a sufficient number of
qualified nursing personnel to meet the total nursing needs of all patients in
the facility, by failing to ensure that Plaintiff received proper treatment,
medications, and diet as prescribed and by failing to see that he received
proper care to prevent decubitus ulcers; and

u. failing to provide true reports of Plaintiff' condition to State Agencies; and

v. failing to have in place proper policies for transfer and discharge of residents
when changes occur in their physical condition necessitating service or care
which could not be adequately provided by the facility in violation of
§198.1(2)b R.S.MO.;

w. failing to promptly transfer Plaintiff to a hospital or other appropriate facility
as changes occurred in the physical condition of Plaintiff in violation of
§198.088.1(2)b R.S.Mo.;

x. failing to see that Plaintiff was free from physical abuse in violation of
§198.088.1(6)g R.S.Mo.

56. As a direct and proximate result of the negligence, carelessness, neglect, faults
and omissions of Defendants Jane Does 1 through 25 as aforesaid, Plaintiff has incurred large
and substantial sums for medical bills and treatment and will continue to do so in the future.

57. As a direct and proximate result of negligence of Defendants Jane Does 1 through
25 as stated above, Plaintiff suffered severe pain, anxiety, mental distress, and multiple pressure
sores. Additionally, Plaintiff was required to undergo treatment for his condition and incurred
expenses for his medical care. That the negligence of the Defendant was willful, wanton and
outrageous and constituted gross negligence and demonstrated a conscious and reckless disregard

for the rights of Plaintiff thereby permitting the recovery of damages for aggravating circumstances.

58. Defendant Board of Curators is liable for the negligence, carelessness, neglect, faults and omissions of Defendants Jane Does 1 through 25 under the concept of Respondeat Superior.

WHEREFORE, Plaintiff prays for a judgment against Defendant Board of Curators and Defendants Jane Does 1 through 25 pursuant to Count V for actual damages in the amount in excess of $75,000.00, for punitive damages, for reasonable attorneys' fees, for the cost of this action, and for such other and further equitable relief as the Court deems just and reasonable.

## COUNT VI – RACIAL DISCRIMINATION (42 U.S.C. 2000d)

Comes now Plaintiff, and for Count VI of this cause of action against Defendant Board of Curators, states:

59. That this Plaintiff incorporates by reference each and every fact and allegation contained and set forth in Paragraphs 1 through 58 of this Petition as if fully, accurately and completely set forth herein.

60. Plaintiff is and African-American male.

61. Pursuant to 42 U.S.C. 2000d, "No person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

62. Defendant Board of Curators receives Federal financial assistance.

63. Defendant Board of Curators denied benefits to and discriminated against Plaintiff by failing to properly observe, treat, administer, monitor, examine, diagnosis, and care for Plaintiff, said negligence including, but not limited to:

21

a. failing to consistently monitor and assess Plaintiff' condition;

b. failing to timely and consistently control the amount of time that Plaintiff was allowed to remain in one position;

c. failing to issue directives and orders as to the amount of time Plaintiff was allowed to remain in one position;

d. failing to regularly, consistently and timely check Plaintiff for signs of skin breakdown, pressure sores, bed sores and decubitus ulcers;

e. failing to prevent the development of pressure sores, bed sores and decubitus ulcers while caring for Plaintiff;

f. failing to timely respond to reported changes in Plaintiff' condition;

g. failing to treat Plaintiff' pressure sores, bed sores and decubitus ulcers;

h. failing to timely order appropriate medications and antibiotics;

i. failing to report adequate wound care for Plaintiff's pressure sores, bed sores and decubitus ulcers;

j. failing to take measures to prevent pressure sores and to keep Plaintiff free from pressure sores in violation of 13 C.S.R. §15-14.042(81);

k. failing to comply with 13 C.S.R. §15-14.042(16) which requires that any person who has any contact with a resident of a skilled nursing facility shall not knowingly act or omit any duty in a manner which materially and adversely affects the health, safety or welfare of a resident;

l. failing to comply with 13 C.S.R. §15-14.042(71) which requires that each resident shall receive 24-hour protective oversight and supervision;

22

m. failing to comply with 13 C.S.R. §15-14.042(6) which requires that the
facility shall not knowingly admit or continue to care for residents whose
needs cannot be met by the facility directly or in cooperation with outside
resources;

n. failing to timely transfer and delaying transfer of Plaintiff to a hospital;

o. failing to comply with C.S.R. §15-14.042(75) which requires that residents
who are physically or mentally incapable, or both, of changing their own
positions, shall have their positions changed at least every two hours and
shall be provided supportive devices to maintain good body alignment;

p. failing to change Plaintiff position at least every two hours when Plaintiff
was physically incapable of doing so;

q. failing to regularly reposition Plaintiff;

r. failing to comply with 13 C.S.R. §15-14.042 which requires that incident
reports be completed and filed with the Administrator for his or her review
and signature for all medication errors involving the resident;

s. failing to comply with 13 C.S.R. §15-14.042(85) which requires that a
significant change in a resident's condition be reported to the resident's
Physician and by failing to notify the resident's Physician of significant
changes in Plaintiff condition;

t. failing to comply with 42 C.F.R §405.1121 and §405.1124 which require
that a skilled nursing facility provide 24-hour service by licensed Nurses, by
failing to provide an organized nursing service with a sufficient number of
qualified nursing personnel to meet the total nursing needs of all patients in

23

the facility, by failing to ensure that Plaintiff received proper treatment, medications, and diet as prescribed and by failing to see that he received proper care to prevent decubitus ulcers; and

u. failing to provide true reports of Plaintiff' condition to State Agencies; and

v. failing to have in place proper policies for transfer and discharge of residents when changes occur in their physical condition necessitating service or care which could not be adequately provided by the facility in violation of §198.1(2)b R.S.MO.;

w. failing to promptly transfer Plaintiff to a hospital or other appropriate facility as changes occurred in the physical condition of Plaintiff in violation of §198.088.1(2)b R.S.Mo.;

x. failing to see that Plaintiff was free from physical abuse in violation of §198.088.1(6)g R.S.Mo.

64. Said discrimination occurred on the grounds that Plaintiff is a member of the African-American race.

65. As a direct and proximate result of the discrimination as aforesaid, Plaintiff has incurred large and substantial sums for medical bills and treatment and will continue to do so in the future.

66. As a direct and proximate result of the discrimination as aforesaid, Plaintiff suffered severe pain, anxiety, mental distress, and multiple pressure sores. Additionally, Plaintiff was required to undergo treatment for his condition and incurred expenses for his medical care.

67. That the discrimination was willful, wanton and outrageous and constituted gross negligence and demonstrated a conscious and reckless disregard for the rights of Plaintiff thereby

24

permitting the recovery of damages for aggravating circumstances.

WHEREFORE, Plaintiff prays for a judgment against Defendant Board of Curators pursuant to Count VI for actual damages in the amount in excess of $75,000.00, for punitive damages, for reasonable attorneys' fees, for the cost of this action, and for such other and further equitable relief as the Court deems just and reasonable.

RESPECTFULLY SUBMITTED,

LAW OFFICE OF RICHARD B. HEIN

By:_____

Richard B. Hein - #65012
7750 Clayton Road, Suite 102
St. Louis, Missouri 63117
(314)645-7900
(314)645-7901 FAX

THE HOWE LAW FIRM, L.L.C.

By:_____

Brian C. Howe - #20838
7750 Clayton Road, Suite 102
St. Louis, Missouri 63117
(314)644-4433
(314)225-2251 FAX